IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEAH MONIQUE ("NIKKI") FITZGERALD, individually; and LEAH MONIQUE ("NIKKI") FITZGERALD and BRIAN W. FITZGERALD, husband and wife, in their capacities as parents, guardians, and next best friends of M.D.M.F. and A.C.R.F., minor children,<br><br>      Plaintiffs,<br><br>vs.<br><br>THE BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF POTTAWATOMIE COUNTY, a political subdivision of the State of Oklahoma; et al.,<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case Number CIV-07-101-C |

**MEMORANDUM OPINION AND ORDER**

Defendants filed a Motion to Strike requesting that the Court strike the expert report of Plaintiffs' witness, Mr. Savage, and prohibit him from testifying at trial. Defendants contend that the expert report is deficient in a number of respects. First, the report was not signed by Mr. Savage. Second, changes were made to Mr. Savage's initial report by someone in Plaintiffs' counsel's office and Mr. Savage did not approve those changes before his final report was filed with the Court. One such change, the addition of a list of documents that Mr. Savage reviewed in forming his opinion, lists a number of items Mr. Savage did not, in fact, rely upon. Defendants claim to have suffered prejudice from this allegedly erroneous listing of documents because it influenced their decision on whether to

endorse their own expert witness and to challenge Mr. Savage's testimony by filing a Daubert motion.

The Federal Rules of Civil Procedure require that an expert report be prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). Although Mr. Savage clearly failed to sign his report, the Court finds that this failure is harmless pursuant to Rule 37(c)(1). After receiving the unsigned report, Defendants proceeded to depose Mr. Savage, apparently assuming that he subscribed to the contents of the report. Defendants allege that they have suffered prejudice because of the circumstances surrounding Mr. Savage's report, but none of the alleged harm arises from the absence of Mr. Savage's signature. Plaintiffs can readily cure this deficiency, and the Court orders them to do so.

With respect to the additions to the report made by Plaintiffs' counsel, the Advisory Committee Notes provide:

> Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, with experts such as automobile mechanics, this assistance may be needed. Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

Defendants point to only two portions of Mr. Savage's final report that were added by Plaintiffs' counsel. First, the following sentence was removed from his initial report: "I am very interested in the deputies (sic) exigent circumstances reported to Judge Combs and the deposition testimony of the officers on why they did what they did." Second, Plaintiffs' counsel added a section listing eleven different documents that Mr. Savage purportedly relied upon in forming his expert report. The Court finds that neither of these alterations are

2

outside the bounds of permissible attorney assistance contemplated under the Federal Rules. Initially, the Court notes that Defendants do not provide any authority indicating that listing documents in an expert report that the expert did not actually rely upon constitutes a violation of Rule 26. Further, Mr. Savage testified during his deposition that the copy of his report that was eventually filed with the Court appeared to be what he had originally written. (Dep. 58:18-22.) Neither change alters the substance of Mr. Savage's expert report, since the opinions expressed therein remain the same. Therefore the Court finds that they do not violate Rule 26(a)(2)(B).

Accordingly, Defendants' Motion to Strike (Dkt. No. 84) is DENIED.

IT IS SO ORDERED this 11th day of February, 2010.

ROBIN J. CAUTHRON
United States District Judge